J-S56035-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DEREL BRITTON, | |
| Appellant | No. 1974 MDA 2015 |

Appeal from the PCRA Order Entered October 9, 2015
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0000013-2015

BEFORE: BENDER, P.J.E., PANELLA, J., and STEVENS, P.J.E.[*]

DISSENTING MEMORANDUM BY BENDER, P.J.E.:     **FILED JULY 22, 2016**

I respectfully disagree with the Majority's conclusion that Appellant failed to meet the after-discovered fact exception of 42 Pa.C.S. § 9545(b)(1)(ii). Therefore, I dissent.

Appellant premises his after-discovered fact claim on a letter his mother received on March 22, 2013, from Calvin McKinney. In the letter, McKinney states that his brother, Fred ("CJ") McKinney, committed the attempted murder for which Appellant was convicted. I agree with the Majority that Appellant's petition satisfied the 60-day filing requirement of section 9545(b)(2). **See** Majority Decision at 8 n.4. However, I cannot agree with the Majority's determination that Calvin's letter "constitutes, at

---

[*] Former Justice specially assigned to the Superior Court.

most, a newly discovered or newly willing source for known facts." *Id.* at 9 (citation omitted).

The Majority reasons that during trial, Appellant attempted to prove that Fred McKinney was the real shooter. *Id.* at 11. The portions of the record discussed by the Majority certainly support the conclusion that Appellant at least suspected, if not definitively knew, that Fred McKinney was the perpetrator of the crimes for which Appellant was on trial. However, nothing in the record indicates that Appellant was aware that *Calvin knew* that Fred committed the shooting, or that Calvin *would be willing to admit* the same. In my view, these are the after-discovered facts that stem from Calvin's letter. Accordingly, I do not consider the letter as a new source of a previously known fact.

Additionally, given that Calvin's letter demonstrates that he was unwilling to admit his brother's guilt until recently, as Fred is now deceased, I also disagree with the Majority's alternative conclusion that Appellant failed to demonstrate due diligence. It is clear, from the portion of Calvin's letter quoted by the Majority, that he would not have offered any information inculpating his brother, even had defense counsel attempted to talk to him. *See* Majority Decision at 3-4 (quoting Appellant's Response to PCRA Court's May 9, 2013 Order, filed 5/20/13, attached exhibit (Calvin McKinney's Letter)). Consequently, I agree with Appellant that "[t]here was no reason to suspect that [Calvin] had this information or that he was willing to come

forward with the information he held any [time] prior to March of 2013. His 'loyalty' was to his 'brother[,'] not to [A]ppellant." Appellant's Brief at 11.

For these reasons, I would conclude that Appellant satisfied the timeliness exception of section 9545(b)(1)(ii) based on Calvin McKinney's letter. Accordingly, I would remand for an evidentiary hearing, at which the PCRA court could apply the four-pronged test for deciding if that after-discovered evidence warrants a new trial. ***Commonwealth v. Choice***, 830 A.2d 1005, 1008 (Pa. Super. 2003) ("To warrant relief, after-discovered evidence must meet a four prong test: (1) the evidence could not have been obtained before the conclusion of the trial by reasonable diligence; (2) the evidence is not merely corroborative or cumulative; (3) the evidence will not be used solely for purposes of impeachment; and (4) the evidence is of such a nature and character that a different outcome is likely."). Therefore, I respectfully dissent.